STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
Docket No. CV-02-100

P·N-AMM-'9!·(/

BRYAN BELL,                    )
                Plaintiff,     )
                               )
                               )
        v.                     )              **ORDER**
                               )
                               )
BANGOR METAL WORKS,            )
LLC. et al,                    )
                Defendants.    )

[ c· ·  ·  ·  ·  ·  ·  ·  ·
 ·P·  ·· · c· ·· ·T
 F· ·· · ·· 2··4
 PENO?SCOT COU·!·· ]

        Defendant Chad Walton moves to amend the Judgment in this matter and asks the court to make further findings. Similarly, Plaintiff moves to amend and seeks further clarification.

        The findings in this court's earlier <u>Decision and Judgment</u> are amended to reflect that Plaintiff <u>did</u> recoup his initial investment with the exception of $1,061.03 (which should be refunded to him as part of the final dissolution process). When computing the final proceeds to be distributed as part of the dissolution process (designated as "profits" in the court's earlier <u>Decision and Judgment</u>), payments to Walton for "commissions" and "overtime" are not within the scope of salary or draw as specified in the court's Judgment. As with the start-up invoices (see paragraph below), Walton must refund such expenses to the company or deduct them from his share of the final proceeds.

        Both parties submitted bills or invoices to the company seeking compensation for investments of time and effort during the start-up phase. Walton's bill has been paid; Bell's has not. As noted in this court's earlier Judgment, the payments to Walton must be repaid to the company (or deducted from his share of the final proceeds).

        Regarding the court's reference to the parties brief buy-out discussions in September, 2001, Defendant assets that the court reversed the parties' roles in those discussions. The court is willing to accept and adopt Defendant Walton's representations in this regard. However, the court's ultimate conclusions and Judgment are otherwise unaffected. The court declines to further amend or supplement its findings.

        The Clerk may incorporate this Order upon the docket by reference.

Dated: February 6, 2004

_____
Andrew M. Mead

STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
Docket No. CV-02-100

FILED & ENTERED
SUPERIOR COURT

MAY 02 2006

PENOBSCOT COUNTY

BRYAN BELL,                     )
          Plaintiff,            )
                                )
                                )
                                )
     v.                         )          **ORDER**
                                )
                                )
BANGOR METAL WORKS, LLC, )
and CHAD WALTON,                )
          Defendants.           )

     Pursuant to this court's Decision dated September 25, 2003, and Orders subsequent thereto, the parties have embarked upon discussions directed toward the final wrap-up and legal dissolution of Bangor Metal Works, LLC., and have made very commendable progress toward this result. The parties are at an impasse regarding the disposition of two items characterized as Chad Walton's refund of start-up costs and credits for wrap-up work.

     Defendant asserts that the entries in his start-up invoice (as later reflected in the bookkeeping entries in the partnership's accounting records) mischaracterize the payments made to him. Specifically he asserts that $5200 reflects his cash investment and the balance ($24,700) is actually salary which should not be part of the start-up reimbursement.

     The court was mindful of this distinction when the earlier Orders were entered; it intended that the entire amount of the "salary" portion of the invoice fall within the amount to be refunded. Although the parties expended different quantitative efforts over different time frames to get the business started, the court still concludes that their contributions were roughly equal and the amounts reflected in their respective "start-up invoices" are the best reflection of the start-up costs (which the court ordered each party to absorb). Accordingly, the entire disputed amount of Defendant's invoice ($24,700) is subject to the Decision's refund provision.

     However, the Defendant may receive a credit for his salary (in full) for efforts during the wrap-up period as reflected in Sub-Total E of his proposed accounting ($14,875.50).

     The Clerk may incorporate this Order by reference.

Dated: May 1, 2006

JUSTICE, MAINE SUPERIOR COURT

BRYAN BELL VS BANGOR METAL WORKS LLC ET AL
UTN:AOCSsr  -2002-0051835                    CASE #:BANSC-CV-2002-00100
--------------------------------------------------------------------------
BRYAN BELL                                                    PL
ATTY KING, DAVID C.   Tel# (207) 947-4501
ATTY ADDR:84 HARLOW ST PO BOX 1401 BANGOR ME 04402-1401

BANGOR METAL WORKS LLC                                        DEF
ATTY RUSSELL, EDWARD C.   Tel# (207) 942-8244
ATTY ADDR:145 EXCHANGE STREET, SUITE 3 BANGOR ME 04401-6505

CHAD WALTON                                                   DEF
ATTY RUSSELL, EDWARD C.   Tel# (207) 942-8244
ATTY ADDR:145 EXCHANGE STREET, SUITE 3 BANGOR ME 04401-6505


M=More, Space = Exit:M

Select the EXIT KEY for page selection line.

Law Court Case No!
PEN- 04-131


Older orders may be duplicate - no indication
previously sent to repositories.